IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    v.

**KENNETH VOBORIL,**

    **Defendant.**

Case No. 15-20072-01-JAR

## MEMORANDUM AND ORDER

After pleading guilty to wire fraud and false statement in a tax return, Defendant Kenneth Voboril was sentenced to 63 months' imprisonment on February 8, 2016.[1] This matter is now before the Court on Defendant's *pro se* post-judgment Motion to Amend Presentence Report (Doc. 26). Voboril requests the presentence investigation report ("PSR") be amended to reflect his history of alcohol abuse, a fact he did not reveal in his presentence interview. Voboril now wishes this information be included in his PSR in order to facilitate his entry into the RDAP program while incarcerated.

Defendant's motion to amend the PSR does not identify the rule or statute on which it is based. Fed. R. Crim. P. 32 addresses presentence investigations and reports. Courts have uniformly held that once a district court imposes sentence, it lacks jurisdiction under Rule 32 to hear challenges to a presentence report.[2]

---

[1] Doc. 20.

[2] *See United States v. Warner*, 23 F.3d 287, 290 (10th Cir. 1994) (Rule 32 "standing alone, cannot provide a district court with jurisdiction to hear challenges to a presentence report once sentence has been imposed."); *United States v. Angiulo*, 57 F3d 38, 41 (1st Cir. 1995) ("Rule 32 provides no independent foundation for a postsentence motion to correct a PSI report[.]"); *United States v. Catabran*, 884 F.2d 1288, 1289 (9th Cir. 1989) ("Rule 32 'allows the defendant to challenge factual inaccuracies during imposition of the sentence, not later.'") (quotation omitted); *United States v. Engs*, 884 F.2d 894, 895 (5th Cir. 1989) (Rule 32 does not provide an "independent jurisdictional ground for attacking the accuracy of a PSI report after sentencing has been imposed."); *United States*

Nor does Rule 36 offer Defendant any recourse. That rule allows for a court to "correct a clerical error in a judgment, order, or part of the record, or correct an error arising from oversight or omission."[3] The rule is narrow and applies only to clerical errors; it does not authorize substantive alteration of a final judgment.[4] Thus, the Court also lacks jurisdiction to address Voboril's motion to amend the PSR under Rule 36.

Because this Court does not have an independent jurisdictional basis to consider Voboril's post-judgment motion to amend his PSR, the motion is dismissed for lack of jurisdiction.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Kenneth Voboril's Motion to Amend Presentence Report (Doc. 26) is **dismissed** for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated: December 20, 2017

                                              S/ Julie A. Robinson
                                              JULIE A. ROBINSON
                                              CHIEF UNITED STATES DISTRICT JUDGE

---

*v. Giaimo*, 880 F.2d 1561, 1563 (2d Cir. 1989) ("Rule 32, standing alone, does not give a district court jurisdiction to correct inaccuracies in a PSI report after a defendant has been sentenced.").

[3] Fed. R. Crim. P. 36.

[4] *See United States v. Long*, 434 F. App'x 567, 568 (8th Cir. 2011) (holding Rule 36 cannot be used to modify a presentence report after sentencing where the alleged inaccuracies are substantive issues rather than clerical oversights or omissions).