### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>　　　**Plaintiff,**<br><br>　　　v.<br><br>**KENNETH VOBORIL,**<br><br>　　　**Defendant.** | Case No. 15-20072-01-JAR |

### MEMORANDUM AND ORDER

After pleading guilty to wire fraud and false statement in a tax return, Defendant Kenneth Voboril was sentenced to 63 months' imprisonment on February 8, 2016.[1] On December 20, 2017, the Court denied Defendant's *pro se* post-judgment Motion to Amend Presentence Report requesting the presentence investigation report ("PSR") be amended to reflect his history of alcohol abuse in order to facilitate his entry into the Residential Drug Abuse Program ("RDAP") while incarcerated.[2]

This matter is now before the Court on Defendant's *pro se* letter dated May 4, 2018, requesting the Court make a recommendation to the Bureau of Prisons ("BOP") that he be placed in RDAP (Doc. 28).  The Court construes this as a motion to amend the judgment or, in the alternative, for a supplemental recommendation by the Court made outside of the judgment concerning RDAP placement.  As explained below, Defendant's motion is denied.

---

[1]Doc. 20.

[2]Doc. 27.

First, the Court has no authority or basis to amend the judgment. "A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."[3] As the Tenth Circuit explained:

> A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so. Section 3582(c) of Title 18 of the United States Code provides three avenues through which the court may "modify a term of imprisonment once it has been imposed." A court may modify a sentence: (1) in certain circumstances "upon motion of the Director of the Bureau of Prisons", (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure", or (3) "upon motion of the defendant or the Director of the Bureau of Prisons," or on the court's own motion in cases where the applicable sentencing range "has subsequently been lowered by the Sentencing Commission."[4]

If a defendant's argument does not fit within one of these three limited avenues under § 3582(c), the Court is without jurisdiction to consider the request.[5] None of the avenues set forth above apply to this case.

Second, the Court declines to exercise its discretion to make a supplemental recommendation outside the judgment concerning RDAP placement. The Court previously made its recommendations at sentencing based on Defendant's circumstances. Defendant offers mitigating circumstances for the Court's consideration—that he did not reveal his alcohol abuse issue to Probation, his desire to set a good example for his children, his near-completion of an Associate degree in Business Administration, and volunteer work tutoring other inmates. While

---

[3] *United States v. Mendoza,* 118 F.3d 707, 709 (10th Cir. 1997).

[4] *United States v. Blackwell,* 81 F.3d 945, 947–48 (10th Cir. 1996) (citations and footnote omitted). Congress twice amended 18 U.S.C. § 3582, in 1996 and 2004; neither of these amendments substantively affects the Tenth Circuit's analysis.

[5] *United States v. Smartt,* 129 F.3d 539, 541 (10th Cir. 1997).

the Court commends Defendant for his progress, these factors do not warrant a supplemental recommendation to the BOP.

Even if the Court were inclined to make the requested recommendation, however, it would not be binding on the BOP, which has its own policies that will identify whether Defendant is eligible for RDAP placement.[6] In fact, the Probation Office has confirmed that Defendant completed a non-residential substance abuse program while incarcerated in August 2016, and that he is not precluded from participating in other non-residential substance abuse programs.

Accordingly, the Court does not have the authority to amend or supplement its recommendation to the BOP as requested, and Defendant's motion must be denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to amend or supplement the Court's recommendation to the Bureau of Prisons regarding RDAP placement (Doc. 28) is **denied.**

**IT IS SO ORDERED.**

Dated: June 27, 2018

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE

---

[6] *See Tapia v. United States,* 564 U.S. 319, 331 (2011) (explaining when a court sentences a defendant, the BOP has "plenary control" over the "'place of the prisoner's imprisonment,' and the treatment programs (if any) in which they participate.") (citing 18 U.S.C. §§ 3621(b), (e), (f); 3624(f); 28 C.F.R. pts. 544, 550 (2010)).